

# IN THE
# Court of Appeals of Indiana

Indiana Compensation Rating Bureau,

*Appellant-Defendant*

And

Indiana Department of Insurance
*Defendant*

v.

Technology Insurance Company,

*Appellee-Plaintiff*



FILED

Oct 24 2024, 9:21 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

---

October 24, 2024

Court of Appeals Case No.
24A-PL-857

Appeal from the Marion County Superior Court, Civil Division

The Honorable James Joven, Judge

Trial Court Cause No.
49D13-2207-PL-22174

**Bailey, Judge.**

# Case Summary

[1] Technology Insurance Company ("TIC") sought reimbursement from the Indiana Compensation Rating Bureau, as Administrator of the Indiana Assigned Risk Reinsurance Plan, ("ICRB") for TIC's payment of a worker's compensation claim and attorney's fees incurred in litigation of that claim. ICRB denied the request for reimbursement, and TIC appealed to the Indiana Department of Insurance ("IDOI"). IDOI issued a ruling that ICRB had breached its contract. One day after the time for objections expired, TIC filed a motion for prejudgment interest and attorney's fees incurred in appealing the denial of reimbursement. ICRB filed a request for judicial review in the Marion Superior Court and IDOI advised the parties that jurisdiction was in that court. After the dismissal of ICRB's petition and months of correspondence from TIC, IDOI did not set a hearing. TIC filed a petition for judicial review and obtained an order from the Marion Superior Court, Civil Division, purportedly

remanding[1] to IDOI and ordering that it award TIC a specific amount of attorney's fees and prejudgment interest. ICRB appeals, contending that TIC cannot recover the additional attorney's fees and interest it seeks because, at the very least, it did not first request those funds from ICRB.[2] Because we agree that TIC has failed to exhaust its administrative remedies by not doing so, we reverse.

## Issue

[2] ICRB articulates several issues for review. We address the dispositive issue: whether the trial court erred in ordering that IDOI conduct further proceedings and award prejudgment interest and appellate attorney's fees to TIC absent TIC first obtaining a decision on the prejudgment interest and appellate attorney's fees from ICRB.

## Facts and Procedural History

[3] ICRB is a statutorily created workers' compensation insurance rating agency,[3] privately funded by the insurance industry, and operating under a license issued by IDOI. Among other things, ICRB serves as the plan administrator of the

---

[1] Although the trial court ordered the IDOI to conduct proceedings on remand, the trial court stated that it "shall retain jurisdiction over any petition for judicial review related to any further orders issued by the IDOI with respect to the dispute between TIC and the ICRB." Appealed Order at 10.

[2] IDOI is not an active party in this appeal.

[3] *See* Ind. Code § 27-7-2-3.

Indiana Assigned Risk Reinsurance Pool ("the Pool"), which provides worker's compensation insurance for employers who are unable to secure insurance in the voluntary market. ICRB acts as a reinsurer for worker's compensation losses properly paid, and it allocates expenses among its members.[4]

[4] In November of 2013, member TIC executed an Indiana Assigned Risk Reinsurance Pool Servicing Carrier Agreement ("the Agreement") with ICRB for a three-year term.[5] Pursuant to the Agreement, a member must accept all risks assigned by the Plan Administrator and issue worker's compensation insurance policies to the risks. In turn, a member is to be reimbursed for liabilities for losses under its policies and certain related expenses, absent a showing of conduct in the handling of a claim that is willfully or intentionally wrong, fraudulent, or criminal. The Agreement provides that "in the event legal action is initiated by either Party for breach of this Agreement, the prevailing Party shall be entitled to recover in addition to all other damages, attorney's fees, expenses and costs." (App. Vol. II, pg. 41.)

[5] In July of 2017, TIC submitted a reimbursement request to ICRB in the amount of $2,855,329. This consisted of $2,050,000 TIC had paid in connection with

---

[4] Indiana Code Section 27-7-2-3 provides: "After July 1, 1935, every insurance company authorized to effect worker's compensation insurance in this state shall be a member of the worker's compensation rating bureau of Indiana. The bureau shall be composed of all insurance companies lawfully engaged on July 1, 1935, wholly or in part in making worker's compensation insurance in Indiana or who shall after July 1, 1935, be issued a certificate of authority to make worker's compensation insurance in this state."

[5] ICRB binds insurance coverage for employers and contracts with one of its members to administer a policy issued through the Indiana Assigned Risk Reinsurance Pool. The member is then considered to be a Servicing Carrier.

several lawsuits, collectively referred to by the parties as the Omega McWorthey litigation,[6] and related attorney's fees and costs of $805,329. On June 14, 2018, ICRB notified TIC that the ICRB Board of Directors had denied the reimbursement request.

[6] TIC decided to pursue its right of appeal, set forth in the Agreement as follows:

> A Servicing Carrier shall have the right to appeal a decision by the Plan Administrator to the Governing Board of the Plan Administrator (the "Governing Board"), provided however, such appeal must be filed with the Governing Board not later than thirty (30) days after the date of the decision by the Plan Administrator. The Governing Board shall either (i) render a decision on the appeal, or (ii) submit the appeal to a committee appointed by the Governing Board, which will render a decision on the appeal. In the event a Servicing Carrier fails to timely appeal the decision within thirty (30) days after the date of the decision, the Servicing Carrier shall be deemed to have waived such appellate right and the decision of the Plan Administrator shall become final and non-appealable without any further action.

> A Servicing Carrier shall have the right to appeal a decision by the Governing Board to the Department, provided however, such appeal must be filed with the Department not later than thirty (30) days after the date of the decision by the Governing Board. The Department shall render a decision on the appeal. In the event a Servicing Carrier fails to timely appeal the decision of the

---

[6] In 2013, the ICRB received an application for insurance from Omega Demolition Corporation. ICRB agreed to provide coverage and assigned its obligation to TIC to issue an Indiana Assigned Risk Workers Compensation and Employers Liability Insurance Policy to Omega effective July 24, 2013. (ALJ Order, para. 28.) A claim on the policy was filed by Omega relating to an injury to its employee James McWorthey that gave rise to multiple lawsuits.

Governing Board within thirty (30) days after the date of the decision, the Servicing Carrier shall be deemed to have waived such appellate right and the decision of the Governing Board shall become final and non-appealable without any further action.

A Servicing Carrier shall have the right to appeal a decision by the Department to the Marion County Superior Court or Circuit Court as provided by Ind. Code §27-7-2-27 within thirty (30) days after the date of the decision. In the event a Servicing Carrier fails to timely appeal the decision of the Department within thirty (30) days after the date of the decision, the Servicing Carrier shall be deemed to have waived such appellate right and the decision of the Department shall become final and non-appealable without any further action.

(*Id*. at 40.)

[7] On July 3, 2018, TIC filed an appeal to IDOI, designated as *Technology Insurance Company v. Indiana Compensation Rating Bureau*, IDOI Case Number RB-1004-001. In a motion for summary judgment, TIC requested reimbursement in connection with the McWorthey claim and litigation as well as legal fees and expenses in connection with litigating the appeal. On July 21, 2021, an Administrative Law Judge ("ALJ") issued an order granting TIC's motion for summary judgment and denying ICRB's cross-motion for summary judgment. The lengthy decision addressed the Agreement, policies and conduct

pertaining to the underlying litigation, and unfounded allegations of fraud;[7] no language addressed the request for appellate fees and costs.[8]  The order states that "judgment is hereby entered on all issues in this case" and additionally that "TIC is entitled to reimbursement of the amounts it paid in connection with the Omega/McWorthey Claim."  (Appellee's App. Vol. II, pg. 31.)

[8]     Pursuant to the order, any objections were to be filed within fifteen days.  No objection was made, and, on the sixteenth day, TIC filed a "Motion for Prejudgment Interest, Attorney Fees and Expenses" to establish the amount due from ICRB as full reimbursement.  (*Id.* at 71.)  TIC sought prejudgment interest of $625.82 per day and $1,049,388.28 in attorney fees, expert fees, and costs.

[9]     On September 17, 2021, IDOI issued its Final Order fully adopting the findings of the ALJ order and mandating that ICRB "fully reimburse [TIC] for its payments made in connection to the Omega McWorthey litigation."  (*Id.* at 87.)  Again, the Final Order did not specify an amount; nor did it refer to the motion.  On October 8, ICRB filed in the Marion Superior Court a petition for judicial review and motion to stay the administrative ruling.  On November 12, IDOI and TIC each filed a motion to dismiss the petition for judicial review.

---

[7] The ALJ decision stated, in part, that "ICRB apparently had no factual basis for its original denial of the claim, and could establish no basis after ample opportunity for discovery of TIC's intent in the proceeding." (Appellee's App. Vol. II, pg. 18.)

[8] The ALJ succinctly described the focus of the appeal:  "the gist of this appeal involves pure issues of insurance contract interpretation." (Appellee's App. Vol. II, pg. 17.)

TIC attempted in vain to obtain a ruling from IDOI upon TIC's motion for prejudgment interest, attorney fees, and expenses, beginning with a letter composed three days after the Final Order. On October 12, TIC filed a motion with IDOI denominated as a "Motion Requesting Final Monetary Judgment and Renewed Motion for Prejudgment Interest, Attorney Fees and Expenses." (*Id.* at 89.) On November 17, TIC filed an additional motion for a monetary calculation. On December 21, the IDOI issued a Notice to the Parties to inform the parties that it would not issue a ruling on the motion or issue any other future ruling during the pendency of judicial review in Marion Superior Court.

On January 19, 2022, the Marion Superior Court dismissed ICRB's petition for judicial review on grounds that ICRB had failed to exhaust administrative remedies and also had failed to timely file a certified agency record. On February 4, TIC filed with IDOI a supplemental submission of affidavits in support of the request for attorney's fees and "Appellant's Motion Requesting a Ruling on Appellant's Motions for Prejudgment Interest, Attorney Fees, and Expenses." (*Id.* at 135.) The claimed expenses and attorney fees, inclusive of the Marion County litigation, were $1,244,026.60 (in addition to prejudgment interest). In March, TIC filed an additional motion. In May, TIC requested via email that IDOI conduct a status hearing. Later in May, TIC requested a "ruling on remaining issues," specifically, the "sum certain" to "fully reimburse" TIC and additionally requested "guidance" from IDOI. (*Id.* at 147.) On May 31, ICRB issued to TIC a check for $2,855,329, denominated by ICRB

as payment in full. TIC notified IDOI that it considered the check to be less than full satisfaction of TIC's claim.

[12] On July 1, 2022, TIC filed a Verified Petition for Judicial Review and Order of Mandamus ("the Petition") in Marion Superior Court, requesting an order that IDOI rule upon TIC's pending motion. The trial court heard oral argument on May 18, 2023, at which attorneys for TIC, IDOI, and ICRB appeared. ICRB's counsel argued that TIC had failed to preserve its rights by filing a cross-appeal in the prior Marion Superior Court case. IDOI's attorney took the position that TIC was required to file an additional claim with ICRB, and IDOI could not "make [a] decision or statement without evaluating the contract." (Tr. Vol. II, pg. 12.) Counsel explained: "you have additional rights that are accruing, but those are also based on the underlying contract [a]nd so, they're essentially trying to skip the claim process and jump straight to an appeal." (*Id.*) TIC argued that it had diligently attempted to preserve its right to challenge the omission of an order for prejudgment interest and attorney fees on appeal from the claim denial. On the following day, the trial court issued an order denying the motions to dismiss filed by IDOI and ICRB. The parties submitted written briefs on their respective positions.

[13] On February 24, 2024, the trial court conducted an additional hearing at which counsel for ICRB did not appear. Counsel for TIC requested remand to IDOI. Counsel for IDOI argued that IDOI "would be acting outside of its authority if it were to go back and add a specific monetary award different from what the ALJ ordered" absent "proper procedures" and additionally argued that TIC had

"notice of agency inaction" when the petition for judicial review in Marion Superior Court was dismissed. (Tr. Vol. II, pgs. 70-71.)

[14] On March 22, the trial court issued an order granting the petition for judicial review, denying ICRB's motion for summary judgment, and providing that IDOI was to assign an ALJ "to conduct proceedings related to TIC's motion for attorney's fees and prejudgment interest and any other associated relief." Appealed Order at 10. In relevant part, the trial court determined that TIC's motion for interest and fees was timely, TIC's petition for judicial review was timely, TIC is entitled to attorney's fees, and TIC is entitled to prejudgment interest. ICRB appeals.

## Discussion and Decision

[15] TIC was aggrieved by a decision of ICRB and, after preliminary review as provided for in the Agreement, invoked review by IDOI pursuant to Indiana Code Section 27-7-2-9, which provides:

> The charges and expenses incident to the establishment and operation of the bureau shall be borne equitably and without discrimination among the members of the bureau. If any member is aggrieved by an apportionment of the cost or costs made by the bureau or by failure of the bureau to make such equitable apportionment, it may in writing petition the commissioner for a review of such apportionment or failure to act. The commissioner shall upon not less than five (5) days' notice to each member hold a hearing upon such petition at which time all members shall be entitled to be heard. And said commissioner shall determine the matter or matters and mail a

copy of his decision to each member of the bureau. The decision of the commissioner shall be final.

Accordingly, IDOI is the sole arbiter of an alleged failure of ICRB to make an equitable apportionment. TIC properly appealed the denial of its Omega/McWorthey claim to IDOI. Construing the contractual provisions of the Agreement, IDOI determined that ICRB had breached the contract and must fully reimburse TIC in connection with Omega/McWorthey litigation.

[16] In pursuit of a specific calculation of damages from IDOI, TIC requested an order of mandate but also sought judicial review as afforded by the Indiana Administrative Orders and Procedures Act ("AOPA"), Indiana Code Section 4-21.5 *et seq*. IDOI is an agency subject to AOPA. *See* Indiana Code Section 4-21.5-1-3, (defining an "agency" as "any officer, board, commission, department division, bureau, or committee of state government that is responsible for any stage of a proceeding under this article.")

[17] Under the AOPA in effect at the time of the proceedings,[9] relief could be provided by a court if the person seeking judicial relief had been prejudiced by an agency action that was:

---

[9] AOPA was amended, effective July 1, 2024. Indiana Code Section 4-21.5-5-14(d)(5) now requires the person seeking judicial relief to demonstrate that the agency action is "unsupported by a preponderance of the evidence" rather than "unsupported by substantial evidence." The amended statute also provides:

(a) Judicial review of disputed issues of fact must be confined to the agency record for the agency action supplemented by additional evidence taken under section 12 of this chapter. A court is not

(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;

(2) contrary to constitutional right, power, privilege, or immunity;

(3) in excess of statutory jurisdiction, authority, or limitations, or short of statutory right;

(4) without observance of procedure required by law; or

(5) unsupported by substantial evidence.

I.C. § 4-21.5-5-14(d). TIC bore the burden of showing the invalidity of agency action. I.C. § 4-21.5-5-14(a).

[18] ICRB now appeals an order granting a petition for judicial review, which petition pointed to an alleged omission by IDOI in an appeal from the denial of a claim for reimbursement. "To the extent they involve only legal issues, we review the trial court's orders de novo." *Ind. Dep't of Environ. Mgmt. v. Raybestos*,

---

bound by a finding of fact made by the ultimate authority if the finding of fact is not supported by the record.

(b) The court shall decide all questions of law, including any interpretation of a federal or state constitutional provision, state statute, or agency rule, without deference to any previous interpretation made by the agency.

I.C. § 4-21.5-5-11 (effective July 1, 2024). However, the amendments apply only to: "(1) an administrative proceeding or a proceeding for judicial review commenced after June 30, 2024; or (2) an administrative proceeding conducted after June 30, 2024, on remand from a court." *Id*

897 N.E.2d 469, 473 (Ind. 2008) (internal citations omitted).  We will uphold the findings of fact unless they are clearly erroneous.  *Id.*

[19]     IDOI argued to the trial court that it had taken all action within its statutory authority, i.e., that conferred by Indiana Code Section 27-7-2-9.  Our standard applicable to statutory review is well-settled:

> We [ ] review questions of law, such as the interpretation of a statute, de novo.  *Pierce v. State*, 29 N.E.3d 1258, 1265 (Ind. 2015).  When construing a statute, our primary goal is to determine and effectuate the legislature's intent.  *Cooper Indus., LLC v. City of South Bend*, 899 N.E.2d 1274, 1283 (Ind. 2009).  To discern that intent, we first look to the statutory language and give effect to its plain and ordinary meaning.  *Jackson v. State*, 50 N.E.3d 767, 772 (Ind. 2016).  Where the language is clear and unambiguous, "there is 'no room for judicial construction.'"  *Id*. (quoting *St. Vincent Hosp. & Health Care Ctr., Inc. v. Steele*, 766 N.E.2d 699, 704 (Ind. 2002)).  We presume the legislature intended the statutory language to be applied "logically and consistently with the statute's underlying policy and goals, and we avoid construing a statute so as to create an absurd result." *Walczak v. Lab. Works-Ft. Wayne LLC*, 983 N.E.2d 1146, 1154 (Ind. 2013).

*Culver Cmty. Tchrs. Ass'n v. Ind. Educ. Emp. Rels. Bd.*, 174 N.E.3d 601, 604-05 (Ind. 2021).

[20]     Pursuant to Indiana Code Section 27-7-2-9, the IDOI may review an "apportionment or failure to act."  The plain statutory language limits the role of IDOI, as IDOI has contended; its focus is necessarily upon the rejected or approved claim for reimbursement.  This statute does not provide authorization

for IDOI to sit as a trial court, hear evidence of additional damages, or calculate awards based upon collateral events. The ALJ decision, adopted by the IDOI final authority, plainly provides that ICRB breached the Agreement and is liable to TIC for full reimbursement in connection with the Omega/McWorthey litigation.

[21] As a factual matter, the ALJ found that ICRB had alleged fraud without having an adequate basis for its allegations. Without dispute, this caused unnecessary delay and unnecessary attorney's fees. TIC may be entitled to an additional apportionment from the ICRB as a result of ICRB's obdurate conduct. Contractual claims under the Agreement are not limited to denials of reinsurance for worker's compensation claims paid. Section XI provides in part:

> In the event the Servicing Carrier has *any* claim against the Plan Administrator, the Pool, any Member of the Plan Administrator, any participant in the Pool, the Trust or any trustee of the Trust, arising from or related to this Agreement or the performance of the Servicing Carrier's obligations and duties as Servicing Carrier, the Servicing Carrier may seek a review of the matter by the Plan Administrator by setting forth in writing with specificity the nature of the dispute, the parties to the dispute, the relief sought and the basis thereof.

(Appellee's App. Vol. II, pg. 39) (emphasis added.) However, an apportionment must first be made or denied to trigger IDOI statutory review.

## Conclusion

Because the claim had not first been presented to ICRB, the trial court erred in ordering that IDOI award TIC a specific amount of attorney's fees and prejudgment interest.

Reversed.

Bradford, J., and Foley, J., concur.

ATTORNEY FOR APPELLANT

E. Scott Treadway
EST Law, LLC
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Linda L. Pence
Suzannah W. Overholt
Amundsen Davis, LLC
Indianapolis, Indiana